I skipped one. Sorry. Mirabella. Mirabella v. Villard. I'm terribly sorry. Mr. Mahoney? May it please the court, I am Harry Mahoney and I represent the defendant's appellants Joseph Walsh and Jeffrey MacDonald. I'd like to acknowledge that Mr. MacDonald is sitting behind me here, the gentleman in the red tie there. I'm unfamiliar, your honor, with whether or not you know the facts of this case or would you like me to give you a brief recitation? Yeah, we know the facts. Very good. We're here today to discuss the issue of qualified immunity with regard to the claims brought by John and Maureen Mirabella against my clients. There were 12 v. 6 motions filed by all defendants and the only claims that remained after Judge Schiller in the district court ruled on them were two claims for First Amendment violation. The first one was the claim for violation of their right to petition the government for redress of grievances. Let me focus you on what's found in appendix 119. It's an email written by your client and it reads, part of it reads, please never, and I'll emphasize the word never, contact me, the board of supervisors, or the township employees directly. Do not call me at work, email me at work, or speak to me at public or private events. There's no reference in that email with respect to, in light of pending litigation, go through counsel. This is an email from a constituent. Never have any contact with your government official. Correct? That is not exactly what that says, your honor. Read it to me then. Read it to me. It's in my brief. I'll read it to you. Please direct all further communications to the township attorney. Please never contact me, the board of supervisors, or the township employees directly. Do not call me at work, email me at work, or speak to me in public or private. The die is cast. That's what it says. That was the fifth email that was exchanged between the parties that evening. The first email was the first one that John Mirabella sent, which essentially said to the township and its officials, we're going to sue you, the Villards, and the Brawns for the violation of the open space. Isn't this email telling him to not have any contact with his elected officials ever, in any context? In the context of what occurred before this, my answer is no. It says that on the black and white piece of paper, but the fact of the matter is that there was a long series of communications between the Mirabellas and the township that went on for months, if not years, resulting in a July 28, 2014 inspection by the township in which they basically found the situation in the open space to be not as represented by Mr. Mirabella. Does it matter that this email further communications to the township attorney? Does that matter? It does matter in this respect, Your Honor. It does or does not? It does. Because at that particular point in time, the township is being threatened with a lawsuit by John Mirabella, who they know is an attorney. They're basically saying to him, if you're going to file a suit against us, we want you to deal with the township solicitor, Frank Bartle. But this email doesn't limit itself to the litigation. Subject to the anticipated litigation, it says what was just read to you for all purposes. Does that matter? If you look at the entire context of what I'm talking about, and it's well set forth in the complaint, which is all we have before us, if you look at the context, there's been a lot of communication, a lot of consternation between the parties, particularly in July and August and September of 2014, culminating in this threat of a lawsuit. I think it's perfectly natural for Mr. Walsh, who is an attorney himself, to turn to Mr. Mirabella and say, if you're going to file a lawsuit against us, deal with our solicitor. And by the way, don't bother to contact me anymore. Can you put aside the legal background of the parties and that Mr. Mirabella is a lawyer, but if this email had been sent to an ordinary citizen of this township, is that not sufficient to tell that citizen, don't bother petitioning the government for anything? No, and here's the reason why. Joe Walsh is the president of the Board of Supervisors. He's one vote. If you've ever sat on one of these governmental boards, you know how to count to a majority. I'm really talking about the tenor of that email, and I want to put aside for a moment that there are lawyers involved. Would that not tell any ordinary citizen that you have no business contacting our government for anything? I would disagree with you, Your Honor, respectfully. And it's because anybody who's been around township government at all, whether they're an ordinary citizen or an attorney, knows that you have to have a majority of the board in order to pass an ordinance, set policy... I'm talking about not a person who is well-schooled in municipal politics or procedure, but just an ordinary citizen. I think an ordinary citizen would know that his government is run by a specific board which has a certain number of people on it. One individual cannot, and Mr. Walsh certainly could not, keep Mr. Mirabella from contacting the government with regard to things outside of the litigation. In the context of this case, given everything that happened before, he was essentially telling him, deal with the township attorney, and by the way, I'm fed up with you, don't contact me again. Me or anybody else. This is me or anybody else. Me or anybody else, which it's simply Joe Walsh saying it. It's not the board saying it. So my point is that one individual can't set policy for the board of supervisors in the way of the board. And if you look at page 12 of the district court's opinion, the court said, the court cannot find and municipal defendants do not cite to any authority for the proposition that they may properly direct plaintiffs to communicate only with the town attorney. It wasn't they, it was Joe Walsh in a peak of anger, which was probably rude from his of constitutional rights in this regard. So is it your position that the law is clearly established on this subject? On the right to petition and when a government official can direct communications either to a particular place or in a particular way? Is the law clearly established? No it's not. And specifically with regard to that particular point, there's plenty of case law in the third circuit which says that when you get down to the issue of clearly established, which is the second prong of the qualified immunity analysis, you have to be able to point to similar cases, not factually identical, but similarly factual so that the individual in question who's being accused of a constitutional violation can know that his conduct, his particularized conduct, is a violation of the, in this case, the First Amendment. So you have two arguments you're making. One, it's not clearly established. And two, there was no violation because Mr. Walsh's email was only speaking for himself and could never have been viewed as an ability to stop all communication? That is correct. I believe the court really misunderstood, the district court misunderstood, that one individual could control the townships in terms of directing citizens not to contact some of the other officials in the township. That is not the case. Number two, there is no factually similar case out there in the third circuit or at the Supreme Court level by which Mr. Walsh would have known or could have known that his particular conduct in this regard was violative of the First Amendment rights of the Mirabellas. What if you frame it in terms of petitioning the government? So you have an attorney writing an email saying, don't petition the government, don't call me, don't call anybody else. You don't think that attorney should know that you shouldn't do that? I don't. And again, I hate to keep going back to this, but you have to be, you have to put this in the proper context. And when you read the complaint, which is very, very detailed, as I said, you can see the context, you can see the growing consternation between the parties. And so when you get to that email, the last email in the chain of five on September 20th, 2014, that is Mr. Walsh lashing out in anger at this gentleman, Mr. Mirabella, who said, I'm going to sue you. And he's telling him, don't bother to contact me anymore. I'm done with you. That's basically what it is. But he's speaking in his official capacity. It's not, it's not his neighbor. It's not an angry, it's somebody of authority in the municipality right now. There's no question he's speaking in his capacity as a supervisor. But as I said before, he can't control what the Mirabellas do with regard to the township. As a matter of fact, on October 14th, less than a month later, the Mirabellas attended a Board of Supervisors meeting and aired their views with regard to the open space situation and their displeasure with Mr. Walsh's emails. But is that, is that relevant to this discussion? Is it the impact on that particular, the person who received it? No, it's an objective standard. It's whether or not, from an objective standpoint, a reasonable official would understand that his actions were violative of these people's First Amendment rights. That goes back to the argument again, whether there's sufficient case law out there, which is precedential, which would tell Mr. Walsh that what you're doing violates their First Amendment rights. Well, one interesting factor here, though, is that litigation was threatened. Correct. Is that correct? In other words, the parties were already on notice there's going to be a lawsuit. Is there a policy that says when litigation is threatened, that all communications have to be set to a rate of two? There is no set policy with regard to the township. But in this particular instance, Mr. Walsh... Well, I mean, if you've heard the expression, you're going to sue me, go speak to my lawyer. Well, that's what Mr. Walsh was essentially saying. That's not a municipal policy. It is not a municipal policy, but that's Mr. Walsh acting as an attorney, basically reacting, if you're going to sue me, you're going to sue the township, deal with a solicitor, don't deal with the township staff. And the point is, with regard to Mr. Mirabella, if he continued to contact the individuals about this particular issue after having threatened them with a and he's now an attorney, obviously pro se in this particular case, who is trying to develop facts to establish his claim against the township. And I think it's perfectly legitimate for Mr. Walsh to say to him, I don't think you should contact my people anymore on this particular issue. But isn't that what he said? He didn't say on this particular issue. It was painted with a broad brush across the board, permission to contact him or anybody else of authority. And I think in the context of the factual situation, I set forth in the complaint, it's perfectly understandable that what he was telling him was, with regard to this particular matter, don't bother to contact the township people anymore. If we could talk about the emails that dealt with the issue of sanctions for a moment. Yes, that's the retaliation claim. Exactly. As I understand it, the law is that we have to look at whether a person of ordinary firmness would be chilled in their expressions or their petitioning activity as a result of the action of the government official. So here we have a circumstance where someone is being told, file a lawsuit, we're going to seek sanctions. Putting aside the fact that the participants in these conversations happen to be lawyers, because the test reads a person of ordinary firmness, why would that not be retaliatory? The standard for measuring retaliation is, as you indicated, it must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights. In this particular case, all that they did was to instruct the solicitor and let Mr. Mirabella know up front, if you're going to sue us, we're going to have whoever our counsel is appointed to this particular case go after you for sanctions for what we consider to be a frivolous case. And it even goes on to cite Rule 1023.1, which is the Pennsylvania state law equivalent of Rule 11 in federal court, basically saying if you file frivolous action, you're going to put yourself at risk. So all they were doing was putting Mr. Mirabella on notice of the township's reservation of its own legal right to seek sanctions if, in fact, they brought the action which they believed was going to be frivolous. So advising somebody that you're going to exercise a legal right to seek sanctions under an appropriate rule in the Pennsylvania Rules of Civil Procedure, I don't think that amounts to the type of action which a person of ordinary firmness would be chilled by. It's simply Mr. Mirabella as an attorney would process this and say, okay, that's something I'll consider. What did Jeff McDonald do? He simply said, I agree, and let's put them on notice. There's a specific section in 1023.1, I believe it's actually 1023.2, which says you have to give the other side 28 days notice of your intent to file a motion for sanctions under that particular rule. That's all he was referring to. So it's your view that it cannot be a retaliatory act if all one is doing is complying with their legal requirement? Correct. And they're simply alerting Mr. Mirabella that they had certain rights under Rule 1023.1 to seek sanctions if he filed a frivolous lawsuit, period. And if the same email was sent to a non-attorney, would you argue it the same? Pardon me? If that email had been sent to a non-attorney, a layperson, would you argue it would be the same? I think it would, because an individual, whether they're an attorney or not, still is subject to the laws. And if the law says that you're going to be subject to sanctions if you file a frivolous lawsuit, then this is the rule we're going to come after you with. Doesn't take a genius to figure out you go talk to your own attorney at that particular point. Thank you, Your Honor. Thank you very much. Mr. Mahoney, Mr. Mirabella. Good morning, Your Honor. It's John Mirabella on behalf of Co-Plaintiff Maureen Mirabella and Per Se on behalf of myself. As is probably clear from the appellant's brief, my wife and I are both attorneys. I'm not sure exactly where to begin. Well, let me ask you a question, because you did concede in your complaint that you attended a town meeting after receiving the e-mails prohibiting you from communicating with town officials. Why doesn't that prove that your First Amendment right to petition the government was not violated? Your Honor, the fact that the parties engaged in some protective activity after they were threatened with retaliation does not mean that their rights weren't violated to exercise other protective activity. We were prohibited from communicating directly with township officials. Speaking at a meeting is a... We are talking about your right to petition the government. Correct. That was the essence of your suit, and that's a claim at least you made against the town officials, but then you went to the town officials and you petitioned the government. We went to town officials and spoke at a meeting prior to the filing of the complaint, frankly with the expectation that things would be clarified and that certain statements would be retracted or at least aired out in a way that made sense. That was not the reception that we received at the township meeting. The fact is, if a party goes forward and petitions with a complaint, and that's found to be proof or evidence that the rights weren't violated, then no case can ever be heard on a First Amendment violation. We were told we were not to call township officials, not to communicate with them, not to speak directly to board members, not to speak to the township supervisor, not to communicate in any way. Counselors are arguing that the fair reading of that e-mail has to be read in the context of the previous e-mails that all referenced the litigation. What do you make of that argument? That's simply not reasonable, and I'll tell you why. The e-mail that prompted the never talk to us again e-mail from me said, in response to a threat of sanctions after 29 years of civil practice, and it's very rarely raised, and I do not practice municipal law. I am not omniscient. I could have overlooked a statute, case law, or misinterpreted something. We had sent an eight-page brief outlining our position and our reasoning, which included setting forth the basis of our standing. When I was sending e-mails threatening me with sanctions if we move forward with the litigation, which we had the legal authority to do, or so I thought, set forth in that brief, which I had already provided the township, I wrote them back, and I articulated as best I could my thought process. One, the tone of the e-mail was inappropriate, the threat. Two, if you're right and I don't have standing, please provide me the legal basis for your position because maybe I'm just wasting everyone's time. In response to that e-mail, I received an e-mail from the chairman of the board of supervisors that said, basically, never speak to us again. He copied every township official, he copied the police department on the e-mail, he copied a local reporter. And that's the essence of your claim that you were denied a right to petition the government? Correct. And we have not had any direct communications with government officials? Let me just ask you, supposing that you wanted to complain to the mayor of your township and you made ten phone calls to that mayor, you kept calling, calling, calling, calling. You're calling now 12, 13 times because you really are upset. Sure. 15 times. On the next call, the secretary picks up the phone and says, Mr. Mirabella, please don't call us here again. Goodbye. Okay. A restriction like that. I'm sorry. Is that a denial of your right to petition the government? The way you framed it? Yes. No. It's not. I don't believe the way you framed it. Government officials are free to place reasonable restrictions on and channels for communications. Too many e-mails or too many phone calls, all that can be handled in a reasonable fashion. If you look through the chain of our e-mails and our communications, I went to great lengths to be respectful of people's time and whether they wanted to be e-mailed at work or not at work or how communications were to be sent. If I have a continuing problem behind my property and people keep going out and clearing what I thought was supposed to be property designated for natural preservation that stands between my home and a sewer treatment plant and they keep doing it, then I'm going to keep complaining to the government. Go ahead. But here the e-mail said, please contact our attorney, so it directed you to a channel of communications. I did. Remember, we're in qualified immunity land, okay? There is case law out there that blesses channeling communications either to a particular source or in a particular way. How can we conclude it was clearly established at the time the e-mails were sent that directing communications to the town council existed in the law? How is it? Can you point me to something that would tell me that was clearly established? I can tell you it was clearly established because a township official, a reasonable township official knows he can't prohibit a citizen from communicating with township officials, employees, and other members of local government. A reasonable township official does not write an e-mail like that and say basically to the police department, to the zoning office, to the township manager, to everyone in the township government that these citizens now stand outside the rights and privileges as a resident of the township. It was not a good e-mail. I have to agree with you on that. It never should have been sent. But I do want to ask you about, did you take that seriously because just a few weeks later you showed up in a supervisor's meeting and you were able to express yourself? I took it very seriously. First, the standard is an objective one, not how I accepted it. I read that e-mail very clearly for what it was intended to say, shut up. That's what the e-mail was intended to say. No I didn't. Although frankly the only other activity we engaged in was to appear at a township meeting and speak publicly. I have not written to the township officials and I know what the answer is going to be. I've been told, don't bother calling us, don't bother calling the police the next time these people go out and start cutting things down. We're done with you. You don't like our decision? Not only are we not going to act, we're going to target you and retaliate against you for questioning the validity of our decision. We're trying to protect public property. This isn't a need or dispute. This is township property that is admittedly and by the township officials intended for and designated for national preservation. It defies imagination that they could give authorization to a handful of residents to cut and clear it. And then when a resident complains and says they may have to exercise legal rights to threaten them with sanctions. Let's talk about sanctions. Your adversary made the point that when litigation is threatened and the adversary believes that the litigation is frivolous, there is a requirement to give notice before seeking sanctions. So his position is that because that was a legal right on their part, and in fact an individual person would not understand that conduct to be retaliatory. Tell me why that's wrong. For three reasons. I found that particularly troubling because first, they actually didn't think it was frivolous since they had the case law had sent them. Second, we weren't in litigation. There's no requirement pre-suit to tell us that if you file a lawsuit, which we have not yet seen, of a complaint of which we have not yet reviewed. It's not that they think they have the right, why don't they have the right to do that? To tell you their intention since, assuming that this Pennsylvania law is like Rule 11 and you have that safe harbor obligation, why is it beyond the pale for a reasonable officer? Why should they think that would be retaliatory? Because we hadn't actually filed a complaint yet. How do they know what we're going to set forth in the suit? But you declared your intention to file a complaint. And also, and we also declared our intention on the ground. They, I believe, did know it was not frivolous. What if Walsh didn't say we're going to request sanctions? Instead, he said, we're going to file a countersuit. I can't address the countersuit because that implicates other case law, and I'm not sure I can answer the question. They threaten to file a countersuit if you file a complaint yourself. It depends if the countersuit and the cause of the action they intended to assert had a legal basis and had grounds. You don't question that they may have a right to file a countersuit, and you don't question that they have a right to seek sanctions. Not before an action is actually filed, I do. And the problem is, in that context, when the case law is reasonably clear, we have not yet filed a suit, and they haven't reviewed the paper, it seemed pretty obvious that what the email was intended to do was to dissuade me from exercising my legal rights. So let me ask you this. If, let's say, instead of you filing, sending them that letter, the eight-page letter we have, why you believe or tell us, you know, we think we have standing in a cause of action, what if you had said, here's a copy of the complaint I just filed in the Pennsylvania State Courts, and their response was, we're seeking sanctions? Would you be in your position that that was retaliatory, because there we have a petitioning to the court? It would still, in this case, be my position that it was retaliatory, because when they saw the complaint, the threatened sanctions would be meritless or groundless. So I believe it would be retaliatory. There is a state court action going forward now. The causes of action are not groundless or meritless, and the plaintiffs do, in fact, have standing to assert them. But to threaten a resident who is expressing their opinion and criticism of township handling and control and management of public property by telling them before the papers have been filed, before they've seen a complaint, that they're going to seek sanctions, leaves an unmistakable impression that this is meant to dissuade us from exercising our rights. Is the law, though, clearly established that they would know that? Because, again, we're in qualified immunity land. I'm not taking issue with all your other points about the bona fides of the lawsuit, etc. But would it be clearly established to an individual that to respond with the threat of a lawsuit with two things, one, talk to our attorney, and second, we're going to seek sanctions. Would a reasonable person know that that was violative of the First Amendment? I believe that when the court undertakes an analysis of the qualified immunity defense here, based only on a motion to dismiss and the record, the factual record as set forth in the complaint, I believe makes it very clear that they should have met, that a reasonable person would know they're acting outside of the bounds. I'm talking about, is the law clearly established? Not whether your factual allegations are, but is the law clearly established? We have law from the Second Circuit where litigation adversaries dealt with each other by writing. And the Second Circuit said that directive was not retaliatory. So the only law, at least at the appellate level that I could find, seemed to suggest that the conduct here would not be violative of the retaliation provisions, and therefore, how could it be clearly established? Your Honor, I think the law item that you're referring to are cases that are already in suit. I think that you have to look at these emails and the threat of sanctions in the context of the entire situation and email chain. And every reasonable township official, I think, would know that to threaten people after they've indicated an intention to exercise their legal rights violates their rights under the First Amendment in the light of the petition. So we look at this from the standpoint of the fact that you are a lawyer and you know that sanctions would only be imposed for frivolous lawsuits, and you feel that your lawsuit is not frivolous. Or should we look at this from the standpoint of an ordinary citizen receiving this threat of sanctions? I think you should look at it from the standpoint of an ordinary citizen, and for two reasons. One, a lawyer or not, when I see that email, since I don't practice municipal law, I seriously question whether I had overlooked something or was legally misapprehending statutory law. And I am a lawyer. But the standard is an objective one. And it was pretty clear when I asked the township official to clarify their position or to set forth their legal support, the answer I received was loud and unequivocal. What specific right are you saying is being violated? Is it your right to petition the government, your right to communicate with officials, your right to communicate with officials, and what right are you saying? The right to petition the government and address grievances through communications to the government. The fact that we decided to appear at a township meeting and exercise a form of a protected right does not mean our other rights have not been limited or restricted. We were told by the chairman of the board, stop communicating with us. Don't bother calling township employees. Don't call the police department. I mean, it's pretty clear what's intended in that email. Now, the fact that you showed up at this meeting, is that really of the moment? It's not a subjective issue. It's an objective one, so to speak, right? Correct. But even if we engage in one form of protected conduct, it doesn't mean that our rights have been prohibited. But I agree. The standard is an objective one. What would dissuade a person of ordinary firmness from exercising their legal rights? And we have not contacted the township. We have not called township officials. We haven't called the police when our neighbors continue to cut and clear the protected property. Because we were told we were prohibited from doing so, and whether or not he's disabled our telephone line or not, we know what the answer is, since he's made that clear. This sort of follows up on what Judge Restrepo was asking, so that I understand what components of the First Amendment you're relying on. If your answer to Judge Restrepo is right, I understood it to be, it's the right to petition and retaliation for the right to petition. Because the district court's analysis of the petition claim looked at First Amendment like free speech law. And I want to make sure that I understand that you're in petition land and retaliation for exercising the right to petition. I believe that's correct, Your Honor. But there are also other components to our First Amendment and rights petition claims that the district court ruled contrary on. Because of the nature of an appeal of seeking qualified immunity, I can't appeal those decisions at this time. But I believe that our rights were, our First Amendment rights were more broadly violated. But if I could just focus on the issue here, it's not just the petition clause and the retaliation. Right. The petition clause, the right to complain to the government, which goes back to the And frankly, it's critical to a properly functioning democracy. If people have criticisms of their government officials, they have to give them an opportunity to address them and raise them in a way without fear of retaliation and without being ostracized from their township for exercising those rights. It couldn't be more clear that this was retaliatory conduct and that it had a punitive nature to it for a variety of reasons, which I think are well set forth in the complaint. What I heard my opponent talk about was, well, what he was really trying to say. Can you finish up, Mr. Harris? Yes. Go ahead. Yes, please. What Mr. Walton is really trying to say. That's not part of what a motion to dismiss qualified immunity appeal gets into. You look at and work from what's in the complaint. And there is nothing like that in the factual record to support that position. Thank you. Thank you, Mr. Mirabella. Mr. Mahoney? I believe I reserved to define your argument. Do I? If you did not, thank you for your argument. You're done. I'll be happy to respond if you like. Thank you both then for a well-argued case. We'll proceed with the last case today.